## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    PLAINTIFF,<br>v.<br><br>KITCHEN & BATH CREATIONS DESIGN CENTER LLC, a corporation, and JESUS VAL RAZO, individually,<br><br>    DEFENDANTS. | **CIVIL ACTION NO.**   2:18-cv-00239-DB<br><br><br><br>**COMPLAINT** |

Plaintiff, R. Alexander Acosta, Secretary, United States Department of Labor, brings this action under Sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 ("FLSA" or "the Act") to enjoin Defendants from violating the provisions of sections 7, 11, and 15 of the FLSA, 29 U.S.C. §§ 207, 211 and 215, and to restrain Defendants from withholding payment of overtime compensation due: (1) Defendants' employees, named in Exhibit A, for the period of time from June 12, 2012 through June 10, 2015; and (2) Defendants' employees, including but not limited to those persons named in Exhibit A, for the period of time between June 11, 2015 and the date of judgment; together with an equal additional amount as liquidated damages. In support thereof, Plaintiff states as follows:

### I.        THE PARTIES

1.        Plaintiff R. Alexander Acosta is the Secretary of Labor, United States Department of Labor, and is authorized to enforce the provisions of the FLSA, and to recover back wages and seek injunctive relief on behalf of employees employed in violation of the FLSA's minimum wage, overtime, and record keeping provisions. 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(5), and 217.

2.      Defendant Jesus Val Razo, an individual, resides in Utah, within the jurisdiction of this Court, and at all times hereinafter mentioned was the owner of the corporate Defendant. He acted directly or indirectly in the interest of the corporate Defendant in relation to its employees by setting policies and procedures, making hiring, firing, discipline and compensation decisions, and managing the day to day operations of the company. Jesus Val Razo is an employer as defined in §3(d) of the FLSA, 29 U.S.C. § 203(d).

3.       Defendant, Kitchen & Bath Creations Design Center LLC ("KBC"), is and at all times hereinafter mentioned a Utah corporation with a principal place of business at 3544 W. 6200 S. #103, Salt Lake City, Utah, 84118, within the jurisdiction of this Court, and at all times hereinafter mentioned, performing countertop fabrication and installation.

## II.      JURISDICTION AND VENUE

4.      Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and by 28 U.S.C. §§ 1331 and 1345.

5.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as the individual Defendant resides in this Judicial District and the corporate Defendant has its principal office in this Judicial District.

## III.      FLSA STATUTORY COVERAGE

6.      At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r), in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

7.      At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section

3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000.

## IV.   OVERTIME VIOLATIONS

8.    For the period June 12, 2012 through June 10, 2015, Defendants willfully violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2) by employing certain of their employees in excess of forty hours per week without compensating said employees time-and-one-half wages for hours over forty in such workweeks.

9.    Specifically, Defendants violated the FLSA's overtime provisions by paying employees for far fewer hours than they worked. For example, Defendants issued a paycheck for 44 hours worked in one week to an employee who actually worked 74.5 hours in that week, as reflected in that employee's original time card.

10.    Defendants also violated the FLSA's overtime provisions by failing to include regular, nondiscretionary bonuses in employees' regular rate. 29 U.S.C. § 207(e), 29 C.F.R. § 778.108. For example, an employee received a "bonus" of $200 in one paycheck and a "bonus" of $500 in his next paycheck; these bonuses were not incorporated into the employee's regular rate for the overtime hours he was paid in those weeks.

11.    The violations set forth above at paragraphs 8-10 are willful. Defendants' actions, practices, concerted efforts to conceal the violations, and false statements to Wage Hour investigators, despite Defendants' history with Wage Hour, show that they were aware of their obligations to comply with wage laws. A three-year statute of limitations period applies due to the willful nature of the violations.  29 U.S.C. § 255(a).

## V.   <u>RECORD KEEPING VIOLATIONS</u>

12.     Defendants, employers subject to the provisions of the FLSA, willfully violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendants failed to maintain accurate records reflecting overtime hours worked by employees and created false records that underreported employees' hours. The record keeping violations correspond to the overtime violations and as a result are willful for the same reasons.

## VI.   <u>PRAYER FOR RELIEF</u>

13.     As a result of the violations alleged in paragraphs 8-10 above, unpaid overtime compensation is owing from Defendants to certain of Defendants' present and former employees including but not limited to those persons specifically named in Exhibit A, and incorporated herein by reference, for the period of June 12, 2012 through June 10, 2015.

14.     Inasmuch as the violations may be continuing, additional amounts for unpaid overtime compensation are accruing for certain of these employees and for employees who are not presently known to Plaintiff in amounts presently unknown to Plaintiff from June 11, 2015, to the present.

15.     Defendants have violated the FLSA.  An order enjoining the alleged violations and restraining the withholding of unpaid overtime compensation found to be due the employees is specifically authorized by section 17 of the FLSA, 29 U.S.C. § 217. In addition, a judgment for liquidated damages, in an amount equal to the unpaid overtime compensation, is specifically authorized by section 16 of the FLSA, 29 U.S.C. § 216(c).

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A.      For an order pursuant to section 17 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating sections 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA;

B.      For an order pursuant to section 16(c) of the FLSA requiring Defendants to pay Plaintiff a sum equal to the unpaid overtime compensation due Defendants' employees for the period from June 12, 2012 through June 10, 2015; and such additional amounts as may be found by this Court to be due for the period from June 11, 2015, until the date of judgment; and for equal additional amounts as liquidated damages;

C.      In the event liquidated damages are not awarded, an order pursuant to section 17 enjoining and restraining Defendants from withholding payment of unpaid overtime compensation due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

D.      A monetary award to Plaintiff for the costs of this action; and

E.      Such other and further relief as this Court deems just and appropriate.

Dated this 19th day of March, 2017.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

James E. Culp
Regional Solicitor

John Rainwater
Associate Regional Solicitor

Lydia Tzagoloff
Wage Hour Counsel

*/s/ Summer Silversmith*
Summer Silversmith
Trial Attorney
Attorneys for Plaintiff

United States Department of Labor
Office of the Solicitor
1244 Speer Boulevard, Suite 515
Denver, Colorado 80204-3516
Tel. (303) 844-5246
Fax (303) 844-1753
silversmith.summer@dol.gov

# EXHIBIT A

| | |
|---|---|
| Alejandro Castillo | Jose Villalobos |
| Alejandro Jaimes | Joshua Vital |
| Alfredo Martinez | Juan Delgado |
| Andres Flores | Juan Lara |
| Angie Palafox | Luis Alducin |
| Antonio Davalos | Luis Flores |
| Antonio Devalos | Luis Pinto |
| Carlos Mendez | Luis Vazquez |
| Edgar Orozco | Manuel Castro Valdez |
| Enrique Rodriguez | Maria Razo |
| Fernando Garcia | Mario Moreno |
| Gustavo  Cordova | Miguel Arriaga |
| Holly Guerrero | Miguel Lara |
| Ignacio Castillo | Misael Jaimes |
| Ismael Gonzalez | Noe Medrano |
| Jesus Orozco | Oscar Damian-Bello |
| Jim Alonzo III | Oscar Herrera |
| Jorge Cordova | Ramon  Cortez |
| Jose Geronimo | Sergio Marquez |
| Jose Reyes Martinez | Yvette Garcia |